IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RONALD GARY LOOMAN,

          CV 11-143-M-DWM-JCL

        Plaintiff,

   vs.                             ORDER, and
                                        FINDINGS AND
STATE OF MONTANA,                  RECOMMENDATIONS
MONTANA DEPARTMENT
OF CORRECTIONS, TROY McQUEARY,
individually, INTERNATIONAL UNION OF
OPERATING ENGINEERS NATIONAL
TRAINING FUND, DAVE LIEDLE, individually, and
DOES 3-100,

        Defendants.

_____

This matter is before the Court on Defendant Troy McQueary's combined Fed. R. Civ. P. 12(b)(6) motion to dismiss and motion to change venue to the Helena Division of this Court.

**I.    BACKGROUND**

Plaintiff Ron Looman is an inmate incarcerated at the Montana State Prison in Deer Lodge, Montana. On October 28, 2008, Looman was working in the prison's Equipment Maintenance Shop. Defendant Troy McQueary, a Department of Corrections employee, directed Looman to report to Defendant Dave Liedle

1

elsewhere on the prison's property for further work instructions. Liedle is alleged to have been an employee of Defendant International Union of Operating Engineers National Training Fund at the time pertinent to Looman's claims.

According to Looman, Liedle directed him to replace a broken air brake canister clamp on a truck. After Looman replaced the clamp, Liedle started the truck and pressurized the air brake system. Looman asserts that after the two discovered that a second clamp on the canister was leaking, Liedle directed Looman to remove the second clamp. Looman alleges that as he was removing the second clamp, the pressurized canister "blew up", causing Looman severe injuries to his face, head, neck, and upper back.

Looman advances numerous claims for relief. Invoking federal question jurisdiction, Looman advances a claim under 42 U.S.C. § 1983 asserting the various Defendants violated his federal constitutional rights. He also asserts claims under Montana law for negligence, strict liability, and violations of what was formerly titled the "Montana Safety Act", Title 50, Chapter 71, Mont. Code Ann.

McQueary moves to dismiss Looman's section 1983 claims on the ground Looman failed to exhaust available administrative remedies. And McQueary asserts that pursuant to Montana statutory law he is immune from individual

liability on the various state law claims plead by Looman. McQueary is correct in both respects and he should be dismissed from this action.

## II. APPLICABLE LAW - Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleading in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies - 42 U.S.C. § 1997e

42 U.S.C. § 1997e(a) provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory (*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001))), and it applies to all suits filed by inmates asserting section 1983 claims that stem from any aspect of prison life. *Porter*, 534 U.S. at 532.

Section 1997e(a) requires "proper exhaustion" of "available" remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). For a remedy to be deemed "available," there must exist the "possibility of some relief[.]" *Booth v. Churner*, 532 U.S. 731, 738 (2001).

A motion to dismiss under section 1997e(a) based on a prisoner's failure to exhaust administrative remedies is properly presented as an unenumerated motion under Federal Rule of Civil Procedure 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust

non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.*, 315 F.3d at 1119-20.

A defendant bears "the burden of raising and proving the absence of exhaustion." *Wyatt*, 315 F.3d at 1119. In doing so, "a defendant must demonstrate that pertinent relief remained available," either through "unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). Evidence relevant to determining whether an inmate exhausted available administrative remedies includes:

> statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure[.] [...] With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 937.

Looman's complaint establishes that both at the time of the underlying incident he was, and at present he is a "prisoner" within the meaning of section 1997e(a). *See* 42 U.S.C. § 1997e(h). Consequently, Looman was obligated to exhaust the prison's grievance procedures before he commenced this action. *See Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009).

5

In support of his motion to dismiss, McQueary presents the affidavit of Billie Reich, the Grievance and Classification Officer at the Montana State Prison responsible for processing all inmate grievances. Reich states that the applicable grievance policy for the Montana State Prison, revised July 1, 2007, "was promulgated through the inmate television informational channel" and was available to inmates at the library. Dkt. 36 at ¶ 3. She also states there is no record of Looman having filed either a request for informal resolution or a formal grievance pertaining to the underlying incident as required by the prison's grievance policy. McQueary has thus sustained his burden of raising and proving that Looman did not exhaust his administrative remedies with respect to the incident of October 28, 2008.

Looman does not dispute that he failed to seek informal resolution or file a formal grievance with respect to the October 28, 2008 incident. Instead, Looman argues he should be excused from the exhaustion requirement for two reasons: (1) He asserts he was unable to use the grievance system due to his injuries; and (2) He states he was told he could not file a grievance after the deadline for the grievance expired.

Exceptions to the exhaustion requirement of 42 U.S.C. § 1997e(a) do exist in limited circumstances. Specifically, the exhaustion requirement is excused

where the prison facility's administrative remedies are rendered "effectively unavailable" to the inmate. *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). Remedies may become unavailable, for example, "if prison officials do not respond to properly filed grievances or if they otherwise use affirmative misconduct to thwart an inmate's attempts to exhaust." *Carroll v. Read*, 2012 WL 1229335, *6 (C.D. Cal. 2012) (citing *Nunez*, 591 F.3d at 1226).

Where a defendant establishes that a plaintiff failed to exhaust administrative remedies, "the burden shifts to the plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion." *Del Rio v. Morgado*, 2012 WL 2092401, *5 (C.D. Cal. 2012) (citation omitted). *See also Meador v. Wedell*, 2012 WL 360199, *7 (E.D. Cal. 2012) (noting that it is plaintiff's burden to show circumstances that rendered his remedies effectively unavailable).

### 1. **Looman's Incapacitation**

The Department of Corrections' inmate grievance policy for the Montana State Prison requires an inmate to invoke the grievance process by presenting a request for an informal resolution "within five working days" of the incident that is the subject of the grievance. Dkt. 36 at 6 of 19. Looman affies that after the accident he "was incapacitated and physically and mentally unable to process a

7

grievance[]" within the five-day deadline, thus excusing him from the exhaustion requirement. Dkt. 45-1 at 2.

Based on his asserted incapacities, Looman relies on *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003), overruled by implication on other grounds by *Jones v. Block*, 549 U.S. 199, 216 (2007), for the proposition that those incapacities excuse him from his obligation to exhaust under section 1997e(a). In *Days*, the inmate plaintiff was unable to file a timely grievance with the prison grievance system concerning injuries he sustained in prison because those very injuries prevented him from utilizing the grievance system. *Days*, at 865. After the inmate healed, he pursued a grievance on two occasions, but in each case the grievance administrators rejected the grievance as untimely filed. *Id.* Under those circumstances, the Fifth Circuit Court of Appeals concluded the inmate had sufficiently exhausted his administrative remedies. *Id.*, 322 F.3d at 867.

The court in *Days*, however, expressly limited its holding to the circumstances of that case — circumstances where the inmate at least attempts to process an untimely grievance. The court concluded that administrative remedies are deemed unavailable only when:

> (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance.

8

*Days*, 322 F.3d at 868. Therefore, even under Fifth Circuit law, which is not controlling in the Ninth Circuit, the inmate must file a grievance even if it is untimely.

Here, Looman has not filed any grievance, and Looman presents no evidence indicating that the prison officials rejected any attempted grievance as untimely filed. Under the exception recognized in *Days*, where an inmate does not file a late grievance that prison officials subsequently reject as untimely, the inmate's administrative remedies remain unexhausted. *Duvall v. Dallas County*, 2006 WL 3487024, *4-5 (N.D. Tex. 2006). Therefore, even if the Ninth Circuit were to follow the analysis in *Days*, Looman does not satisfy the limited conditions established in *Days*, and *Days* does not support Looman's argument that the grievance procedures were effectively unavailable to him because of his injuries.

Not only are Looman's asserted incapacities insufficient, by themselves, to excuse his obligation to exhaust his prison remedies, section 1997e(a) requires "proper exhaustion" of the grievance system through genuine efforts to pursue remedies available under the system, and compliance with procedures and deadlines imposed by the system. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). Section 1997e(a) does not permit an inmate to simply bypass a prison grievance

system by waiting until after a grievance deadline expires, filing an untimely grievance that is later rejected by the prison officials as untimely, and proceeding to federal court expecting his efforts to be deemed sufficient to fulfill his obligation to exhaust his administrative remedies. *Woodford*, 548 U.S. at 95. The inmate must have first complied with the grievance system's procedures.

Consistent with the holding in *Woodford*, the exhaustion requirement persists and obligates an inmate to pursue a grievance "as long as *some* remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Where an inmate does not pursue all remedies available to the inmate at the time, those remedies are deemed unexhausted and the complaint is subject to dismissal. *Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009). *See also Newman v. McLean*, 2009 WL 688859, *6 (N.D. Cal. 2009) (finding that inmate had not exhausted his remedies because he had failed to appeal the initial rejection of his grievance — a remedy that was available to the inmate in the grievance system).

Here, although Looman asserts he was physically and mentally incapacitated, and unable to process a grievance within the five-day deadline imposed by the grievance system, remedies were still available to him under the Montana State Prison's grievance policy. That policy states that "[w]ith respect to

all time limits established in [the grievance policy], extensions may be granted by the [Grievance Coordinator] for good cause shown in exceptional circumstances such as physical incapacity[.]" Dkt. 36 at 6 of 19. Thus, Looman had available to him an opportunity to request an extension of the five-day deadline. As a matter of law, a grievance remedy remains available to an inmate if the grievance policy permits an inmate to request an extension of a deadline under conditions specified in the policy. *Morales v. Jones*, 2011 WL 4396950, *5 (N.D. Okla. 2011). If an inmate fails to request an extension as permitted under the policy, the inmate has not pursued available remedies and the administrative remedies cannot be deemed exhausted. *Id*. at *5-6. Looman does not assert that he requested an extension as permitted under the policy, or that the prison officials denied any requested extension. Thus, Looman did not make use of an opportunity available to him under the policy, and he did not exhaust his remedies.

Furthermore, where an inmate suffers from some physical or mental incapacity which prevents the inmate from filing a grievance within a deadline imposed by the grievance policy, the law of section 1997e(a) requires an inmate to pursue any grievance remedy available under the policy after any asserted incapacity ends. *See Griffin v. Espinda*, 2011 WL 2357655 (D. Hawaii 2011). In *Griffin*, the applicable grievance policy provided an exception to a filing deadline

11

where "it is not reasonably feasible to file within [the deadline] and the justification for the late filing is stated" in the grievance. *Griffin*, 2011 WL 2357655 at *5. There, the inmate had not explained why he did not timely file a grievance after his incapacity ended and, consequently, the court dismissed his complaint without prejudice. *Id*. at *6. *See also Williams v. Comstock*, 425 F.3d 175, 176-77 (2nd Cir. 2005) (concluding inmate failed to exhaust administrative remedies where, even though inmate was incapacitated within the grievance deadline time period, he failed to explain why he waited until two years after the incident to file his grievance).

Here, despite the possibility of obtaining an extension to the deadline, the record reflects that Looman made no effort to file any grievance after his incapacities ended. Instead, the record in this case indicates that at some point Looman's asserted incapacities improved to where he was able to file a grievance concerning other matters as early as December of 2008. Dkt. 36 at § 4. Therefore, Looman's incapacities, by themselves, are not sufficient to render his administrative remedies "effectively unavailable" since he still had an option — an extension of time — available to him after his incapacities ended.

### 2. <u>Looman's Reliance on Information Provided to Him</u>

Alternatively, Looman argues he should be excused from exhausting any

available administrative remedies because he "was told that if [he] missed the five day deadline, [he] could not file a grievance." Dkt. 45-1 at 2.[1] Looman does not identify the individual who purportedly provided this information to him.

Looman's argument about what he was "told" potentially falls within a further exception to the exhaustion requirement which may be invoked if an inmate has "been reliably informed by an administrator that no remedies are available." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (concluding that the inmate was reliably informed, by instructions on a grievance form, that he was not permitted to appeal the decision on his grievance). Although it is Looman's burden to produce evidence demonstrating the existence of circumstances excusing his failure to exhaust, he does not identify who it is that told him that he could not file a grievance after the five-day deadline. Therefore, he has not met his burden of establishing that he was reliably informed by a prison administrator that no grievance remedies were available to him, and he has failed to invoke this

---

[1]McQueary objects to the statement in Looman's affidavit on the grounds that it constitutes inadmissable hearsay barred by Fed. R. Evid. 802. Looman's statement about what he was "told", however, does not constitute hearsay because it is not offered for the truth of the matter asserted, i.e. that as a matter of fact he could not file a grievance after the five-day deadline. Fed. R. Evid. 801(c)(2). Rather, Looman merely identifies the matter as information on which he relied to explain why he did not file a grievance.

exception to the exhaustion requirement.

Based on the foregoing, Looman's failure to exhaust his prison remedies subjects his section 1983 claims to dismissal under 42 U.S.C. § 1997e(a). Section 1997e(a) requires that a "prisoner must have entirely exhausted administrative remedies" before the prisoner submits his complaint to the federal court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). If the prisoner has not fully exhausted his remedies by that time, the complaint must be dismissed without prejudice. *Vaden*, at 1051. The district court may not stay the action pending the inmate's efforts to exhaust his remedies. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). The proper action "is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted). *See Woodford v. Ngo*, 548 U.S. 81 (2006). Thus, McQueary's motion should be granted, and Looman's 1983 claims against McQueary should be dismissed without prejudice.[2]

---

[2]McQueary suggests Looman's section 1983 claims should be dismissed with prejudice because he asserts it is clear that if Looman were to file a grievance at this late date it would be denied as untimely. But Reich's affidavit establishes that Looman could request an extension of the grievance policy's deadlines, and the Ninth Circuit consistently states the proper result is dismissal without prejudice.

### B. Immunity Under Montana Law

Mont. Code Ann. § 2-9-305 provides:

> In an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment, unless [certain exclusions from immunity are applicable.]

Mont. Code Ann. § 2-9-305(5).

Consistent with section 2-9-305(5), the Montana Supreme Court has held:

> [W]here an action is brought against a county based on actionable conduct by an employee, the employee is immune from individual liability for the conduct if the county acknowledges that the conduct arose out of the course and scope of the employee's official duties.

*Kenyon v. Stillwater County*, 835 P.2d 742, 745 (Mont. 1992), overruled on other grounds by *Heiat v. Eastern Montana College*, 912 P.2d 787, 793 (Mont. 1996). *See also Germann v. Stephens*, 137 P.3d 545, 553 (Mont. 2006).

Here, McQueary is employed by the State of Montana, Department of Corrections as a supervisor at the Montana State Prison. The State of Montana acknowledges that McQueary's conduct — the conduct upon which Looman's claims under Montana law are brought — arises out of the course and scope of McQueary's employment with the State of Montana. Consequently, since both the State of Montana and the Department of Corrections are parties to this action,

15

McQueary is immune under Mont. Code Ann. § 2-9-305(5) from individual liability for Looman's state law claims. *See cf. Hardesty v. Barcus*, 2012 WL 705612, *2 (D. Mont. 2012).

In response to McQueary's motion, Looman makes one limited argument opposing the immunity under section 2-9-305. Looman suggests that McQueary is not entitled to qualified immunity against liability for his claims under 42 U.S.C. § 1983 and, consequently, McQueary is not entitled to immunity under section 2-9-305.

Looman's opposition lacks merit. McQueary's eligibility for qualified immunity under federal law does not control resolution of the issue of McQueary's eligibility for immunity under state law under the circumstances set forth in Mont. Code Ann. § 2-9-305(5).

For the reasons stated, McQueary is entitled to immunity under state law. His motion to dismiss should be granted, and McQueary should be dismissed from this action.

## IV. CONCLUSION

For the reasons discussed, IT IS RECOMMENDED that McQueary's Fed. R. Civ. P. 12(b)(6) motion be granted, that Looman's claims under 42 U.S.C. § 1983 be dismissed without prejudice, and that McQueary be dismissed as immune

from liability for Looman's claims under Montana law.

Finally, because the Court recommends that McQueary, and all claims pled against him, be dismissed, IT IS HEREBY ORDERED that McQueary's motion to change venue to the Helena Division of this Court is denied as moot, subject to renewal if the presiding District Court Judge does not grant his Fed. R. Civ. P. 12(b)(6) motion.

DATED this 7th day of August, 2012.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge