

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RONALD GARY LOOMAN, | ) | CV 11-143-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF MONTANA; MONTANA DEPARTMENT OF CORRECTIONS; TROY McQUEARY, individually; INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND; DAVE LIEDLE, individually; and DOES 3–100, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Ronald Looman is a prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana. He brought several claims against the defendants after he was injured while working on a truck in the prison's Equipment Maintenance Shop. Looman brings claims under 42 U.S.C. § 1983 and under Montana law for negligence, strict liability, and violations of what was formerly titled the "Montana Safety Act," Montana Code Annotated, Title 50, Chapter 71. Judge Lynch issued two Findings and Recommendations. The Court adopts both in full. Because the

1

parties are familiar with the facts, they are restated here only when necessary to explain the Court's decision.

## STANDARD OF REVIEW

The parties are entitled to a de novo review of the specified findings or recommendations to which they timely object. 28 U.S.C. § 636(b)(1). But the portions of Judge Lynch's Findings and Recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). General, conclusory objections do not warrant de novo review. *See Potter v. Law*, 2012 WL 5187913, at *1 (D. Mont. Oct. 18, 2012).

## ANALYSIS

### I. Dismissal of Looman's § 1983 claims

Judge Lynch recommends that Looman's lawsuit against McQueary under § 1983 be dismissed without prejudice. (August 7, 2012 Findings and Recommendation, doc. 51.) The State of Montana is the only party that objects to that recommendation. The State agrees that the § 1983 claims should be dismissed, but it argues that the claims should be dismissed with prejudice instead of without prejudice. The State's argument fails.

The State concedes that "'[i]f the district court concludes that the prisoner

2

has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.'" (State's Objections, doc. 57 at 2 (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)). Indeed, that is a correct statement of the law. The State, though, argues that the district court is not barred from dismissing the claims with prejudice if the "prisoner can no longer file a grievance in conformity with the requirements of a prison grievance procedure." (*Id.*) The State cites two cases from the Western District of Washington and the District of Oregon where the courts did just that.

The State argues that dismissal with prejudice is appropriate here because there is simply no way that Looman can now pursue a grievance with prison officials. The State made this same argument before Judge Lynch. Judge Lynch rejected that argument because the affidavit from Billie Reich, the Grievance and Classification Officer at the prison, establishes that Looman could request an extension of the grievance policy deadlines even at this date. (Findings and Recommendation, doc. 51 at 14 n.2.)

Judge Lynch is correct. Reich, in her affidavit, states that Policy 3.3.3 was in effect at the time of Looman's purported injury. Policy 3.3.3 reads: "With respect to all time limits established in this operational procedure for inmates, extensions may be granted by the [Grievance Coordinator] for good cause shown

in exceptional circumstances such as physical incapacity . . . ." (Reich Aff., doc. 36 at 6.) Nothing in Policy 3.3.3 prevents Looman from seeking an extension, even at this date.

The State counters that Policy 3.3.3 does not allow "a prisoner (like Looman), who the record reflects was able to file a grievance but 'made no effort' to do so with the grievance initiation and completion time periods," to file a grievance after the expiration of those periods.

The State does not point to any portion of Policy 3.3.3 that stands for this proposition. Indeed, it does not. The policy simply states that the Grievance Coordinator may grant extensions of any deadlines for "good cause shown in exceptional circumstances . . . ." (*Id.*) Nothing in the policy prevents Looman from now seeking that extension. Of course, that does not mean that the Grievance Coordinator would grant it. Dismissal with prejudice would potentially be appropriate only after the Grievance Coordinator declined to grant an extension because only then would Looman have no administrative remedy. *Cf. Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).

There is no clear error in the portions of Judge Lynch's August 7, 2012 Findings and Recommendations to which the parties did not object. The Court therefore adopts them in full.

4

## II.  International Union of Operating Engineers National Training Fund

In his second set of Findings and Recommendation, Judge Lynch recommends dismissing several of Looman's claims against the International Union of Operating Engineers National Training Fund. Neither Looman nor any of the other parties object. (August 23, 2012 Findings and Recommendation, doc. 56.) The Court finds no clear error in Judge Lynch's Findings and Recommendation and adopts them in full.

First, the § 1983 claims against the Union are not cognizable because Looman failed to plead any factual allegations that support a claim under the joint action test. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Second, Looman's strict liability claim fails because he did not make any factual allegations that would show the design of the truck was "abnormally dangerous." *See Chambers v. City of Helena*, 49 P.3d 587, 591 (Mont. 2002), *overruled on other grounds, Giambra v. Kelsey*, 162 P.3d 134 (Mont. 2007). Finally, Looman's Montana Safety Act claim against the Union fails because he was not working in a federally certified prison industries program. *See* Mont. Code Ann. §§ 39-71-118(1)(f), 50-71-204(1), 53-30-132(7).

IT IS ORDERED that Judge Lynch's Findings and Recommendations (docs. 51, 56) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Troy McQueary's motion under Federal Rule of Civil Procedure 12(b)(6) (doc. 33) is GRANTED. Ronald Looman's claims under 42 U.S.C. § 1983 against McQueary are DISMISSED WITHOUT PREJUDICE. Looman's state law claims against McQueary are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that International Union of Operating Engineers National Training Fund's motion under Federal Rule of Civil Procedure 12(b)(6) (doc. 28) is GRANTED. Looman's claims under 42 U.S.C. § 1983, strict liability, and the Montana Safety Act against the Union are DISMISSED WITH PREJUDICE.

Dated this 24th day of October 2012.

Donald W. Molloy, District Judge
United States District Court