IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RONALD GARY LOOMAN,

        CV 11-143-M-DWM-JCL

    Plaintiff,

vs.

STATE OF MONTANA,
MONTANA DEPARTMENT
OF CORRECTIONS, TROY McQUEARY,
individually, INTERNATIONAL UNION OF
OPERATING ENGINEERS NATIONAL
TRAINING FUND, DAVE LIEDLE, individually, and
DOES 3-100,

    FINDINGS AND
    RECOMMENDATIONS

    Defendants.

_____

This matter is before the Court on Defendant Dave Liedle's Fed. R. Civ. P. 12(b)(5) motion to dismiss under authority of Fed. R. Civ. P. 4(m). For the reasons discussed, Liedle's motion should be granted.

**I.**    **BACKGROUND**

Plaintiff Ron Looman is an inmate at the Montana State Prison in Deer Lodge, Montana. On October 28, 2008, Looman was injured while performing repair work on a truck on prison property allegedly at the direction of the Defendants, including Dave Liedle. Looman advances numerous claims for relief

1

under both federal law — 42 U.S.C. § 1983 — and Montana law.

Liedle moves to dismiss this action against him on the ground that Looman failed to timely serve a copy of the summons and the Second Amended Complaint on Liedle within the 120 days for service prescribed by Fed. R. Civ. P. 4(m). Looman has not filed a brief in response to Liedle's motion as required by L.R. 7.1(d)(1)(B).

## II.   DISCUSSION

Liedle moves to dismiss this action against him under authority of Fed. R. Civ. P. 4(m) which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. [...]

Fed. R. Civ. P. 4(m). The proper procedural vehicle for obtaining a dismissal under Rule 4(m) is Fed. R. Civ. P. 12(b)(5) which allows for a dismissal for "insufficient service of process[.]" *See Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal 2006).

Looman commenced this action on October 26, 2011. Liedle was first added as a defendant through Looman's Second Amended Complaint filed April

2

19, 2012. Therefore, the 120-day period for effecting service of that pleading on Liedle expired on August 17, 2012. Fed. R. Civ. P. 6(a)(1).

On October 2, 2012, Looman obtained a summons issued by the Clerk of Court for service of the Second Amended Complaint on Liedle. Looman then effected personal service of process on Liedle on October 15, 2012, approximately two months after the expiration of the Rule 4(m) 120-day period. Dkt. 63. On October 26, 2012, Liedle filed the instant motion under Fed. R. Civ. P. 12(b)(5) requesting dismissal of Looman's action against him pursuant to Rule 4(m).

Rule 4(m) requires a district court to grant an extension of time for service when the plaintiff shows good cause for the delay in service. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). In the absence of good cause, the rule permits the district court to grant an extension upon a showing of excusable neglect. *Id*. *See also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The plaintiff, of course, bears the burden of showing the existence of good cause or excusable neglect warranting an extension. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *McCormack v. City and County of Honolulu*, 2011 WL 6934710, *4 (D. Hawaii 2011).

Looman has not responded to Liedle's motion to dismiss, let alone established the existence of good cause or excusable neglect for his untimely

3

service. His failure to respond is properly deemed an admission that Liedle's motion is well taken. L.R. 7.1(d)(1)(B).

Consequently, the Court may properly exercise its discretion to dismiss this action as against Liedle without prejudice. *See Morris v. Barra*, 2012 WL 1059908, *2 (S.D. Cal. 2012); *Muffett v. City of Yakima*, 2011 WL 5417158, *5 (E.D. Wash. 2011); and *Gordon v. First Option Mortgage*, 2010 WL 4316885, *1 (D. Nev. 2010).

Based on the foregoing, IT IS RECOMMENDED that Liedle's Motion to Dismiss be GRANTED, and Liedle be dismissed from this action without prejudice under Rule 4(m).

DATED this 30th day of November, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge